IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES STACY BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-cv-0827 |
| ) | |
| CAPTAIN RONDIA FELTS, ) | Judge Trauger |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff James Boyd, a pretrial detainee at the Dickson County Jail in Charlotte, Tennessee, filed a complaint in this court under 42 U.S.C. § 1983. The complaint is before the court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A. *See also* 42 U.S.C. § 1997e(c).

**I. Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.     Factual Allegations

The plaintiff alleges that he suffered a seizure that caused him to fall from the top bunk of his cell to the concrete floor below, injuring his lower back, neck, and shoulder in the process. He was thereafter incoherent and semi-conscious. He alleges that jail officials, rather than treating him properly by moving him on a stretcher, made him stand up and walk, or be carried, to a medical holding cell on a lower level of the jail. In the holding cell, he was given only a thin, worn mat to lie on, which exacerbated his symptoms.

The plaintiff alleges that he has not received treatment for seizures and was never transported to the local hospital for more thorough examination of his injuries. Instead, he waited two days before being seen by the facility physician and another two weeks before receiving x-rays. He claims he is suffering from "constant excruciating pain" in his lower back, neck, and shoulder. (ECF No. 1, at 8.) He has asked for an MRI, which was refused, and the pain has gotten worse since his fall. He states both that jail officials have been both deliberately indifferent and negligent in treating his serious medical needs.

The plaintiff explains that he has named only jail administrator Rondia Felts as the defendant in this action, because the jail staff will not provide him with the "proper name" of nurse "Kim," the individual he holds responsible for the lack of care. (ECF No. 1, at 5.)

## III.    Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the

Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff alleges that the jail nurse, whose first name is Kim, is responsible for the failure to provide him with adequate medical care, that she has been both negligent and deliberately indifferent to his serious medical needs. However, the plaintiff only names as a defendant Rondia Felts, jail administrator, in both her official capacity and individual (or personal) capacity. Felts is clearly a person who act under color of state law for purposes of a § 1983 lawsuit. The question is whether the plaintiff has alleged that she violated his constitutional rights.

To establish the liability of any individual defendant, the plaintiff must show that that particular defendant was personally involved in the activities giving rise to the plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991))). The plaintiff here does not allege that Felts was personally involved in the denial of medical care or that she was even aware of it. The complaint therefore fails to state a claim against Felts in her individual capacity.

With regard to the claim against Felts in her official capacity, such a claim is "equivalent to a lawsuit directed against the public entity which that [official] represents." *Claybrook v. Birchwell*, 199 F.3d 350, 356 n.4 (6th Cir. 2000) (citation omitted). The court presumes that Felts is an employee of Dickson County. The county, as the operator of the county jail, may be subject to suit under § 1983 on the basis of its obligation to provide medical care to individuals in the custody of the Dickson County Sheriff's Department. The county, however, cannot be liable solely on the basis that it employs a tortfeasor, because "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, a municipal entity cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92

(1978). To satisfy the *Monell* requirements, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

The plaintiff arguably states the existence of a policy when he alleges that the jail officials will not provide the last names of the individual(s) he seeks to hold accountable for the alleged constitutional violations. The plaintiff, however, does not have a free-standing constitutional right to obtain the names of jail officials. And, although the plaintiff's complaint is generally directed toward the denial of medical care, he does not expressly allege facts showing that he was denied care as a result of a jail policy or custom. The court therefore finds that the plaintiff fails to state a claim under § 1983 against defendant Rondia Felts in her official capacity.

Although the plaintiff did not name her as a defendant, the complaint alleges facts that might support a claim against nurse Kim for failure to provide adequate medical care. The Fourteenth Amendment's Due Process Clause grants pretrial detainees a right to adequate medical treatment—a right analogous to the Eighth Amendment rights of prisoners. *Garretson v. City of Madison Heights*, 407 F.3d 789, 795 (6th Cir. 2005) (citation omitted). The Eighth Amendment has been construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). The amendment imposes affirmative duties on prison officials to "assume some responsibility for [each prisoner's] safety and general well-being," and to "provide for his basic human needs," including medical care. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court concluded that, although accidental or inadvertent failure to provide adequate medical care to a prisoner would not violate the Eighth Amendment, "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the "unnecessary and wanton infliction of pain" contrary to contemporary standards of decency. *Id.* at 104. Under this analysis, what constitutes "unnecessary and

wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation, but the Supreme Court has clarified that the question of whether a prisoner's claim based on prison officials' failure to provide adequate medical care involves both a subjective and an objective component: The objective prong asks whether the harm inflicted by the conduct is sufficiently "serious" to warrant Eighth Amendment protection. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The Sixth Circuit has defined a "serious medical need" as "either one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013) (quotation marks and citations omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

To establish the subjective component of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir.1976). A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835–36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Thus, when a prisoner has received some medical attention but disputes the adequacy of that treatment, the federal courts are generally reluctant to second-guess the medical judgments of prison officials and thus to constitutionalize claims which sound in state

tort law. *Westlake*, 537 F.2d at 860 n.5. Notwithstanding, the Sixth Circuit has also recognized that "in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." *Id.*

Here, the facts appear to support a deliberate-indifference claim against nurse "Kim." Although the plaintiff indicates that he received some medical care—he was seen by a physician two days after his fall and sent for an x-ray two weeks later—he also alleges that he has not received treatment for his pain or medication to treat seizures, that his pain has continued unabated, and that he has made repeated requests for additional medical attention.

Accordingly, rather than dismiss the complaint at this time, the court will grant the plaintiff 14 days within which to file an amended complaint, naming as defendants nurse Kim and any other individuals whom the plaintiff believes have been deliberately indifferent to his serious medical needs, and stating all facts in the plaintiff's possession to support such claims. If the plaintiff is unable to obtain the individuals' names, he will have the opportunity to conduct limited discovery to obtain that information after he files the amended complaint.

An appropriate order is filed herewith.

ALETA A. TRAUGER
United States District Judge